FILED
JUL 30 2007
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

DEWAYNE HARRIS
Register Number 08715-032
FEDERAL MEDICAL CENTER-DEVENS
Post Office Box 879 (N-2)
Ayer, Massachusetts 01432-0879

DEFENDANT PRO SE

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff )<br>)<br>)<br>)<br>v. )<br>)<br>DEWAYNE HARRIS, )<br>)<br>Defendant ) | Case No. 6:03 CR-17 S-01-KKC |

## MOTION TO CORRECT PURSUANT TO RULE 36, F.R. Crim. P.

NOW COMES the defendant, DEWAYNE HARRIS, pro se, pursuant to Rule 36 of the Federal Rules of Criminal Procedure and moves this Court to correct the Judgement and Commitment Order in the above named and numbered case, and states to the Court:

1. On December 18, 2003, this Court sentenced defendant, but the Judgement and Commitment Order, at page 7 of 7 (Schedule of Payments), contains an error or omission which needs to be now corrected, because just this year the federal Bureau of Prisons has apparently misinterpreted the language to mean that Harris can be made to pay quarterly payments in any amount as long as it is not less than $25.00.

-1-

2. This Court imposed total criminal monetary payments of $10,400; $400.00 of which was Assessments and $10,000.00 a fine.

3. This Court stated specific instructions regarding the payment of criminal monetary payments, as follows:

"The Defendant shall make a lump sum payment of $100.00 toward the criminal monetary penalties set out in this judgement. Such lump sum shall be due immediately. Any outstanding balance owed upon commencement of incarceration shall be paid in minimum quarterly installments of $25 unless the defendant is employed by Federal Prison Industries, in which case the Defendant's quarterly installments shall be $60.00. Any outstanding balance owed upon commencement of supervision shall be paid according to a schedule set by subsequent order of the Court."

4. Defendant Harris went from sentencing in U.S. District Court-Eastern District of Kentucky to a series of federal prison facilities including: U.S.P. Atlanta, F.C.I. Gilmore, FMC Fort Worth, and finally in February, 2006 to FMC Devens where he is currently incarcerated.

During all of this period of time, up until August, 2006, the defendant made payments toward the criminal monetary penalties in accordance with this Court's Order, $25.00 payments through the Inmate Financial Responsibility Program (IFRP).

However, in August 2006, a Bureau of Prisons counselor decided to disregard this Court's Judgement and Commitment Order and the three(3) years of $25.00 IFRP Quarterly Payments which had been made up until his decision to change the Quarterly Payments to $155.00 monthly under the threat that all of Harris's privileges would be denied if he refused, including telephone usage to contact his family, commisary privileges, and change to less desirable living quarters.

Under duress, Harris turned to his mother and family for help and they have been sending funds to him now for eleven (11) months to pay these demands. Now, in the summer of 2007, Harris's family has informed him that they can no longer afford to pay what amounts to $465.00 quarterly, instead of $25.00 quarterly as ordered by this Court if Harris did not have a Federal Prison Industries job; in that event this Court set payments at $60.00 quarterly.

5. Harris does not, and likely will never have, a Federal Prison Industries job. He is medically unassigned and is classified as a chronically ill patient at Federal Medical Center-Devens. He has cancer and has had his left eye removed and replaced with a prosthetic eye. His vision in his right eye is rated as almost totally legally blind with a detached retina and optic nerves.

6. The federal Bureua of Prisons has, in fact, overstepped its authority in disregarding the Judge's order. Case law compels this Court to set the schedule and amount of payments. The Mandatory

Victims Restitution Act ("MVRA") 18 U.S.C. § 3664 (f) (2). The Circuit Courts have stated that District Courts are not authorized to delegate this respnsibility to the federal Bureau of Prisons. U.S. v. Davis, 306 F.3d 398,424-426 (6th Cir. 2002); U.S. v.Butler, 297 F3d 505, 519 (6th Cir. 2002); U.S. v. VanHorn, 344 Fd 3d 729, 731-732 (8th Cir. 2003).

7. This defendant requests that this Court amend his Judgement and Commitment Order by striking the word "minimum" before the words "minimum quarterly payments of $25. unles the defendant is employed by Federal Prison Industries......."

This correction will eliminate any ambiguity in interpretation of the Court's intent: it is certainly the defendant's and other B.O.P. staff members belief that it was and is the Court's clear intention that Harris pay $25,00 quarterly (not $465, which would be eight(8) times the Court's order if Harris held a Federal Prison Industries job.

WHEREFORE, Mr. Harris respectfully moves this Court to change its language to reflect a $25.00 quarterly payment as opposed to a minimum payment of $25. quarterly schedule. It is within the province of the Court, not the Bureau of Prisons, to establish amounts and payment schedules.

Respectfully submitted,

_Dewayne Harris_
Defendant, Pro Se

## CERTIFICATE OF MAILING

I HEREBY CERTIFY under penalty of perjury, I placed a copy of the foregoing MOTION TO CORRECT in the hands of professional federal Bureau of Prisons staff for mailing from the Federal Medical Center, Devens, Ayer, Massachusetts, with first class postage, addressed to:

<u>UNITED STATES ATTORNEY</u>
<u>110 West Vine Street,Suite 400</u>

<u>Lexington, KY 40507-1671</u>

for the purpose of service herein. Executed at Ayer, Massachusetts on this 24th day of July, 2007. 28 U.S.C. § 1746

*[signature]*

-5-