UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NUMBER 03-17-KKC

UNITED STATES OF AMERICA                                                                               PLAINTIFF

VS.                                               **OPINION & ORDER**

DEWAYNE HARRIS                                                                                        DEFENDANT

\* \* \* \* \* \* \*

Defendant DeWayne Harris has filed a Motion [R. 76] for this Court to correct its December 18, 2003 Judgment and Commitment Order [R. 66]. For the reasons stated below, said Motion is denied.

**A. Factual Background**

Defendant DeWayne Harris was convicted on December 18, 2003 after pleading guilty to six counts of federal crimes. These counts included the following: conspiracy to possess with intent to distribute cocaine and oxycontin containing oxycodone (21 U.S.C. § 846); aiding and abetting in possessing with intent to distribute a mixture or substance containing a detectable amount of cocaine (21 U.S.C. § 841(a)(1) & 18:2); knowingly possessing firearms in furtherance of drug trafficking crimes (18 U.S.C. § 924(c)(1)); traveling in interstate commerce with the intent to promote, manage, and carry on the possession with intent to distribute schedule II controlled substances (18 U.S.C. § 1952); and two different counts of forfeiture of assets (21 U.S.C. § 853, 18 U.S.C. §§ 922(g)(3), 924(c), 924(d)(1), and 28 U.S.C. § 2461). Harris received 270 months' imprisonment. [R.66].

Harris also was ordered to pay as restitution $10,400.00, consisting of a $400.00 assessment and a $10,000.00 fine. Of this amount, $100.00 was due immediately as a lump sum payment. "Any outstanding balance owed upon commencement of incarceration shall be paid in minimum quarterly installments of $25 unless the defendant is employed by Federal Prison Industries, in which case the Defendant's quarterly installment shall be $60.00." *Id.*

Harris says that from the time of his sentencing until August 2006, he made $25.00 quarterly payments. In August 2006, however, Harris says that a federal prison counselor changed this payment amount to $155.00 monthly ($465.00 quarterly) under threat of removing Harris's privileges. Harris says that his family has been paying this new amount of $465.00 for eleven months, but that they are unable to pay it any longer. He also says that he is likely never to have a Federal Prison Industries job due to severe medical ailments. Harris Motion, pp. 2-3.

On July 30, 2007, Harris filed a pro se "Motion to Correct Pursuant to Rule 36, F.R. Crim. P." In his motion, he asks the Court to amend the Judgment and Commitment Order's Schedule of Payments by eliminating the word "minimum" from the special instructions ordering Harris to pay "minimum quarterly installments of $25." *Id.* at 4. Harris asserts that the word "minimum" was "an error or omission," *id.* at 1, that the Court's intent was that Harris pay only $25.0 quarterly, and that amending the judgment as he requests "will eliminate and ambiguity in interpretation of the Court's intent." *Id.* at 4.

**B. Analysis**

Harris asserts that the Federal Bureau of Prisons has "overstepped its authority in disregarding the Judge's order," *id.* at 3, that "[c]ase law compels this Court to set the schedule and amount of payments," *id.*, and that "District Courts are not authorized to delegate this

respnsibility [sic] to the federal Bureau of Prisons." *Id.* at 4.

Harris states that he brings this Motion pursuant to Federal Rule of Criminal Procedure 36. This rule states as follows: "After giving notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." *Id.* The Government's Response argues that this Motion is time-barred, as Harris's arguments were not raised on appeal and that the time for appeal of the judgment has passed. Government's Response, p. 1-2.

Federal Rule of Criminal Procedure 36 is inapplicable to Harris's Motion. Rule 36 is intended to allow the courts to correct clerical errors in its judgments or orders. It is not intended to allow for the reassessment of the merits of an earlier decision once the time for reconsideration or appeal has passed. *United States v. Jones*, 608 F.2d 386, 389 (9th Cir. 1979). The inclusion of the word "minimum" in Harris's payment schedule was not an "error or omission" as Harris asserts; it was intended to give a certain amount of discretion to the Federal Bureau of Prisons over the amount of quarterly restitution that Harris must pay. If there is no clerical error in the judgment, Rule 36 affords no relief. *See Garcia-Cruz v. United States*, 270 F. Supp. 2d 353 (S.D.N.Y. 2003) (prisoner's motion under Rule 36 to clarify judgment of conviction was denied where there was no clerical error or mistake in judgment).

Harris has also asserted, perhaps as an alternative to his "error or omission" argument, that inclusion of the term "minimum" created an "ambiguity" in the Court's intent for the restitution amount. The Court has inherent authority apart from Rule 36's limitations to interpret ambiguous terms in its judgments. *United States v. Spallone*, 399 F.3d 415, 418 (2d Cir. 2005). Here, the intent of the Court is clear and unambiguous: $25.00 is to be a minimum, not

3

necessarily absolute, quarterly restitution payment amount, the actual quarterly amount to be determined by the Federal Bureau of Prisons. Had the Court intended $25.00 to be the definite, absolute amount of the quarterly restitution amount, the word "minimum" would not have been included.

Relief under Rule 36 is also barred because the Court believes that Harris's Motion amounts to a substantive argument about the validity of the restitution order itself. As noted, Rule 36 cannot be used to make these types of merit-based arguments once the time for appeal has passed. *See Jones*, 608 F.2d at 389. The language of Harris's Motion makes it apparent that he is attempting to challenge the substantive validity of the Court's restitution order. By stating that "Case law compels this Court to set the schedule and amount of payments," and that "District Courts are not authorized to delegate this respnsibility [sic] to the federal Bureau of Prisons," Harris is implicitly arguing that the Court did so illegally delegate this responsibility, and that the restitution order therefore cannot be upheld. Since this is an argument that must be made on appeal of the judgment order and the time for appeal has passed, the Court need not consider this argument.

Harris's Motion could perhaps also be viewed as one seeking modification of his restitution schedule under 18 U.S.C. § 3664(k) based on a "material change in the defendant's economic circumstances." 18 U.S.C. § 3664(k) (2000). Though this is not explicitly stated in his Motion, since Harris is proceeding pro se, the Court must construe his pleadings liberally. *United States v. Bowen*, 225 Fed. Appx. 765 (10th Cir. 2007). As such, Harris's failure to explicitly mention a § 3664(k) modification argument will not prevent the Court from considering one. *See id.* at 767 n.2. Upon consideration of this argument, the Court finds it to be

without merit.

Under 18 U.S.C. § 3664(k), the Court is allowed to modify a defendant's restitution payment schedule if the defendant can demonstrate a "material change" in his or her "economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k) (2000). Upon receipt of a motion demonstrating this "material change," the Court may adjust the payment schedule "as the interests of justice require." *Id.* The Court determines whether there is a material change in the defendant's economic circumstances by "an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Dye*, 48 Fed. Appx. 218, 220 (8th Cir. 2002). Though only the payment schedule, and not the restitution amount, may be modified through this statute, this may be done at any time; § 3664(k) adjustments are not time-barred by a defendant's failure to pursue appeal routes. *United States v. Brill*, 2007 U.S. Dist. LEXIS 56225, at *11, *13-15 (E.D.N.Y. June 7, 2007).

Harris has not demonstrated that he has suffered a material change in his economic circumstances such that justice requires the modification of his payment schedule. He argues that the Federal Bureau of Prisons has taken advantage of the discretion this Court has granted it over the payment amount to charge him quarterly amounts greater than he can afford to pay. Harris says that his family will henceforth only be able to provide him with the minimum quarterly amount of $25.00, and that he will likely be unable to supplement his income through prison work.

Generally speaking, the Bureau of Prisons considers the balance maintained over a period of time in an inmate's trust account in assessing an inmate's ability to make payments toward his financial obligation ordered by a court. Fed. Bureau of Prisons, Inmate Financial Responsibility

Program, Program Statement 5380.08 (2005).  The more money maintained in the account, the more an inmate will be expected to pay toward his indebtedness.   Therefore, the Court can only conclude that Harris maintained a significant balance in his inmate trust account that led his counselor to believe that Harris had the ability to make significant monthly payments.  Harris has not alleged that he is unable to pay the $25.00 quarterly minimum installment ordered by this court.  Nor has he alleged that the Bureau of Prisons intends to charge him more than he retains in his prison account.  As such, the Court cannot find that Harris has suffered a material change in his economic circumstances meriting an alteration of his restitution payment schedule.

        Accordingly, the Court **HEREBY ORDERS** that:

(1)    Harris's Motion [R. 76] to Correct his Judgment and Commitment Order be **DENIED**.

        Dated this 2nd day of October, 2007.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge