```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF KENTUCKY
 2                          LONDON DIVISION

 3

 4   UNITED STATES OF AMERICA,    )
                                  )
 5          Plaintiff,            )   6:03-CR-17
                                  )   London, Kentucky
 6      vs.                       )   December 18, 2003
                                  )   2:31 p.m.
 7   DWAYNE HARRIS,               )
                                  )   SENTENCING HEARING
 8          Defendant.            )

 9

10                     TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE KAREN K. CALDWELL,
11                  UNITED STATES DISTRICT JUDGE

12

13

14   APPEARANCES:

15   FOR THE GOVERNMENT:     ROGER W. WEST
                             Assistant United States Attorney
16                           Eastern District of Kentucky
                             601 Meyers Baker Road, Suite 200
17                           London, KY  40741-3035

18   FOR THE DEFENDANT:      ROBERT E. CATO, ESQ.
                             Cato & Smith
19                           222 West Fifth Street
                             London, KY  40741
20
     COURT REPORTER:         Rhonda S. Sansom, RPR, CRR
21                           Federal Official Court Reporter
                             United States District Courthouse
22                           101 Barr Street, Room 413
                             Lexington, KY  40507
23                           (859) 619-3624

24   Proceedings recorded by mechanical stenography, transcript
     produced with computer.
25
```

1   (At 2:31 p.m. on December 18, 2003, with counsel for the
2   parties and the defendant present, the following proceedings
3   were had.)
4       THE HONORABLE KAREN K. CALDWELL:  Would the Clerk please
5   call the next matter to come before the Court.
6       THE CLERK:  Yes, your Honor.  London Criminal No. 3-17S,
7   United States of America versus Dwayne Harris, Johnny Epperson,
8   and Edna Harris.
9       THE COURT:  Counsel for the United States.
10      MR. WEST:  Roger West on behalf of the United States in
11  this matter.
12      THE COURT:  Mr. West.
13      Mr. Cato?
14      MR. CATO:  Bob Cato for the defendant, Dwayne Harris.
15      THE COURT:  Is Mr. Harris present?
16      MR. CATO:  He's present in the courtroom.
17      THE COURT:  Mr. Doan?
18      MR. DOAN:  Ms. Harris is present.  Otis Doan on behalf
19  of Ms. Harris.
20      MR. PAYNE:  Hunter Payne on behalf Mr. Epperson, your
21  Honor.
22      THE COURT:  Has the United States received a copy of the
23  presentence report in this case?
24      MR. WEST:  Yes, your Honor, as to all these defendants,
25  and there are no objections on behalf of the United States.

```
 1         THE COURT:  Mr. Cato, has Mr. Harris been provided with
 2  a copy of the presentence report?
 3         MR. CATO:  We have received a copy of it, your Honor.
 4  My client just advised me of something in the plea agreement,
 5  your Honor, but we have received a copy of it.
 6         THE COURT:  You have a copy?  Mr. Harris, have you
 7  looked at the presentence report and reviewed it with Mr. Cato?
 8         DEFENDANT HARRIS:  Yes, ma'am.
 9         THE COURT:  And Mr. Cato, there were no written
10  objections filed to the presentence report, were there?
11         MR. CATO:  No, your Honor, but we have just noticed in
12  the plea agreement on Section E of Page 6, it states there is a
13  level of not more than 34.  And apparently the PSI states a
14  level of 36.
15         THE COURT:  All right.  I will take that up in just a
16  second.
17         Let me go to Mr. Doan.  Have you and Ms. Harris received
18  a copy of the presentence report?
19         MR. DOAN:  We have, Judge.
20         THE COURT:  Ms. Harris, have you looked at the report
21  with Mr. Doan?
22         DEFENDANT E. HARRIS:  Yes.
23         THE COURT:  No objections were filed, were there?
24         MR. DOAN:  No.  The only thing we would ask the Court to
25  take into consideration with regard to the real property, all of
```

1  that has been forfeited to the government.

2           It listed assets over $200,000, and although they had
3  the real property it had before forfeited to the government.

4           THE COURT: Is that correct, Mr. West?

5           MR. WEST: Yes, your Honor. Both Mr. and Mrs. Harris
6  signed the consent decree of forfeiture and the judgment has
7  been entered. A very large portion of that has been disposed
8  of.

9           THE COURT: That's relative to their ability to pay a
10 fine; is that your representation?

11          MR. WEST: Your Honor, there are other portions not
12 disposed of.

13          THE COURT: All right. Thank you, Mr. West.

14          Mr. Payne, have you and Mr. Epperson been provided with
15 a copy of the presentence report?

16          MR. PAYNE: Yes.

17          THE COURT: Have you had a chance to look at it with
18 Mr. Payne, Mr. Epperson?

19          DEFENDANT EPPERSON: Yes, ma'am.

20          THE COURT: There were no objections filed. Is there
21 anything else we need to address with respect to that today?

22          MR. PAYNE: No, your Honor.

23          THE COURT: Mr. Cato, I want to get back to your issue.
24 Although there were no written objections filed, it is your
25 position that the defendant should not be sentenced at a level

1  greater than 34; is that correct?
2           MR. CATO:  That's correct, your Honor.
3           THE COURT:  However, in the plea agreement, Mr. Cato,
4  isn't it pretty clear that that is a recommendation to the
5  Court, rather than a binding plea agreement?
6           MR. CATO:  Yes, your Honor.
7           THE COURT:  And I think I advised the defendant at the
8  time the case was filed that the Court would not know his
9  precise sentencing guideline until such time as it had received
10 the presentence report.
11          MR. CATO:  That's correct.
12          THE COURT:  So is there any objection to the sentencing
13 guideline level found in the presentence report?
14          MR. CATO:  No, your Honor.
15          THE COURT:  Other than it's inconsistent with the
16 representation of the United States?
17          MR. CATO:  That's correct, your Honor.
18          THE COURT:  Do you wish to state it in the form of a
19 formal objection, or is it just a notice to the Court?
20          MR. CATO:  Just a notice to the Court, your Honor.
21          THE COURT:  All right.  Thank you very much.
22          Mr. Harris, would you and Mr. Cato please come up to the
23 podium.
24          Mr. West, are there any motions with respect to this
25 defendant, Dwayne Harris?

1        MR. WEST: No, your Honor.

2        THE COURT: Very well.

3        MR. WEST: I'm sorry, your Honor. We would renew our
4   motion to dismiss Counts 3 through 6 and 9 of the underlying
5   Indictment 03-17. Other than that, there are no other motions.

6        THE COURT: The Court will grant the United States'
7   motions to dismiss Counts 3 through 6 and Count 9 as it pertains
8   to this defendant.

9        At this time, Mr. Harris, before the Court imposes
10  sentence, I want to give you the opportunity to speak to the
11  Court if you would like to. However, if you are uncomfortable
12  and you prefer to let Mr. Cato speak for you, you may. What is
13  your pleasure, sir?

14       MR. CATO: He advises me, your Honor, that he doesn't
15  have anything to say to the Court.

16       If your Honor please, we would ask the Court to be as
17  lenient as possible with this individual.

18       He's had some industrial injuries, and we would ask the
19  Court to consider that in your Honor's sentencing. And it has
20  caused him to be blind in one eye, and he can't see very well
21  out of the other. He also has some back and leg problems, your
22  Honor.

23       And we would ask the Court, after final sentencing, to
24  consider sending this individual to FMC in Lexington so that he
25  might be better cared for.

1              THE COURT:  Thank you, Mr. Cato.
2              Mr. West, what says the United States?
3              MR. WEST:  Your Honor, I think what is unique about
4     Mr. Harris's situation is not only did the Court have a
5     distributor before this Court but someone who also imports
6     cocaine into this area.
7              The facts, as attested to and signed by Mr. Harris, is
8     that he did in fact go to Laredo to obtain OxyContin and bring
9     it back into interstate commerce through the airplanes, and
10    therefore it was distributed.
11             Additionally, this defendant is a leader and supervisor
12    of at least three individuals in the Harlan County area.
13             The amount of firearms seized were very significant, as
14    well as the defendant's actions when the agents went to execute
15    the search warrant, either going into a room where weapons were
16    present or going to a room where drugs were present.
17             I think, in this case, Mr. Harris's count is that of a
18    significant trafficker as well as a dangerous trafficker.  I
19    would ask the Court to go to the top end of the guidelines as to
20    underlying drug offenses.
21             I would ask the Court to impose a maximum statutory
22    punishment of 60 months and ask the Court to impose the maximum
23    sentence.
24             THE COURT:  Thank you, Mr. West.
25             The Court will now state the sentence, and if there is

1  no objection it will be imposed as stated.

2  The defendant has entered a guilty plea to Counts 1, 2,
3  7, 8, 10, and 11 of London Indictment No. 3-17S-01.
4  Accordingly, he is adjudged guilty of conspiring to knowingly
5  and intentionally conspire to possess more than 500 grams of
6  cocaine and a quantity of OxyContin, containing oxycodone, a
7  Schedule II controlled substance, in violation of 21 United
8  States Code, Section 846.

9  Count 2, aiding and abetting and possessing with intent
10 to distribute a mixture or substance containing a detectable
11 amount of cocaine, in violation of 21 United States Code,
12 Section 841(a)1 and Title 18, United States Code, Section 2.

13 Count 7, knowingly possessing a firearm in furtherance
14 of a drug-trafficking crime, in violation of Title 18, United
15 States Code, Section 924(c)1.

16 Count 8, traveling in interstate commerce with the
17 intent to promote, manage, care on, and facilitate promotion,
18 management, and carrying on of the possession with intent to
19 distribute and the distribution of Schedule II controlled
20 substances, and thereafter committed an act to facilitate the
21 promotion, management, establishment, and carrying on of
22 narcotics trafficking, all in violation of Title 18, United
23 States Code, Section 1952.

24 And Counts 10 and 11 are forfeiture of assets
25 pursuant to Title 21, United States Code, Section 853, and Title

1  18, United States Code, Sections 922(g)(3).

2       The Court will adopt the factual findings and the
3  guideline applications that are set forth in the presentence
4  report.  Accordingly, the Court determines that the appropriate
5  sentencing guideline range for this defendant as pertains to
6  Counts 1, 2, 7, and 8, which are the substantive counts, is from
7  210 to 262 months, based on a total offense level of 33 and a
8  criminal history category of 5.

9       It is further noted that a term of at least five years'
10 imprisonment must be imposed consecutive to any term imposed
11 within the sentencing guideline range.

12      Therefore, pursuant to the Sentencing Reform Act of
13 1984, it is the judgment of this Court that the defendant,
14 Dwayne Harris, is hereby committed to the custody of the United
15 States Bureau of Prisons to be imprisoned for a term of 210
16 months on Counts 1 and 2, and terms of 60 months of Count 8, all
17 such terms to be served concurrently, and a term of 60 months on
18 Count 7, such term of imprisonment to run consecutive to the
19 terms imposed on the other counts of conviction, to produce a
20 total term of imprisonment of 270 months.

21      The Court has determined that this sentence is likely to
22 punish this defendant for his crimes, to deter similar conduct
23 by this defendant, and to protect the public from further crimes
24 of this defendant.

25      It is recommended to the United States Bureau of Prisons

1  that Mr. Harris participate in the intensive drug education and
2  treatment program.
3       The Court also recommends that during your term of
4  imprisonment, Mr. Harris, that you will participate in a Bureau
5  of Prisons education program, working toward the completion of
6  your GED.  If you don't complete the requirements for your GED
7  while you're in prison, you are to continue in such a program as
8  directed by your probation officer as a condition of
9  supervision.
10       Mr. Harris, when you are released from prison, you will
11  be placed on supervised release for a term of five years.  This
12  term consists of five years on each of Counts 1 and 7 and terms
13  of three years on each of Counts 2 and 8, all such terms to run
14  concurrently.
15       Mr. Harris, within 72 hours of your release from the
16  custody of the Bureau of Prisons, you shall report in person to
17  the United States Probation Office in the district to which you
18  are released.
19       While you are on supervised release, you shall not
20  commit another federal, state, or local crime and you shall
21  comply with the standard conditions that have been adopted by
22  this Court and shall comply with the following additional
23  conditions.
24       You shall not possess a firearm, a dangerous weapon, or
25  a destructive device, and you shall submit to one drug test

1  within 15 days after you are released from prison and at least
2  two periodic drug tests after that.
3         In addition, you shall comply with the following special
4  conditions.  You shall provide to your probation officer access
5  to any information about your finances that he might request.
6  You shall not incur any new credit charges or open any lines of
7  credit without the approval of the probation officer, unless you
8  are in conformity with all of the scheduled installment plans.
9         You shall participate in a substance abuse treatment
10 program and shall submit to periodic alcohol and drug tests at
11 the direction and discretion of the United States probation
12 officer during the term of supervision.
13        You shall abstain from the use of alcohol.
14        You shall submit your person, residence, curtilage,
15 office, or vehicle to search upon the direction and discretion
16 of the United States Probation Office.
17        It is further ordered that you shall pay to the United
18 States a special assessment of $400, which is due immediately.
19 It is also ordered that you shall pay to the United States a
20 fine in the amount of $10,000.
21        The Court finds that you don't have the ability to pay
22 interest; therefore, the interest requirement will be waived.
23        You shall make a lump-sum payment of $10,000 toward the
24 criminal monetary penalties set forth in this judgment.  Such
25 lump-sum payment is due immediately.  Any outstanding amount you

1  owe at the end of your incarceration shall be paid in a minimum
2  quarterly installment of $100 unless you are employed by the
3  prison industries, and then it will be $60.  Any outstanding
4  balance shall be paid on a schedule set by this Court by
5  separate order.
6          You shall forfeit your interest in the property listed
7  in Counts 10 and 11 to the United States.
8      Is there any reason that sentence should not be imposed
9  as stated, Mr. Cato?
10         MR. CATO:  No legal reason, your Honor.
11         THE COURT:  Mr. West?
12         MR. WEST:  No, your Honor.
13         THE COURT:  You may be seated.
14     (Intervening proceedings were held regarding defendants
15  Edna Harris and Johnny Epperson, after which the following
16  proceedings were had.)
17         THE COURT:  At this time, I would like for all of the
18  defendants to listen very carefully.  You may have preserved
19  some rights to appeal some issues in your case; therefore, the
20  Clerk of the Court is going to give you some advice regarding
21  those rights.  I want you to listen very carefully, because I'm
22  going to ask you to acknowledge that your rights have been read
23  to you in open court.
24         Madam Clerk.
25         THE CLERK:  Yes, your Honor.

1	You are now notified by this Court that you have a right
2	to appeal your case to the 6th Circuit Court of Appeals, which
3	on proper appeal will review this case and determine that there
4	has or has not been an error of law.
5	If you do not have sufficient funds to pay for the
6	appeal, you have a right to apply for leave to appeal in forma
7	pauperis, which means you may appeal without paying for it.
8	If you are without the services of any attorney and
9	desire to appeal and so request, the Clerk of this Court shall
10	prepare and file forthwith notice of appeal on your behalf.
11	This notice of appeal must be filed within 10 days from the date
12	of entry of this judgment.
13	If you do not have sufficient funds to employ an
14	attorney, you may request appointment of counsel to prosecute
15	the appeal for you.
16	THE COURT:  The Marshal will hand each defendant and
17	their counsel a document, which is an acknowledgment that the
18	appeal rights advice has been read to each defendant in open
19	court.  Each defendant should review this document with their
20	counsel before signing it.  I believe there is also a copy for
21	each of you to keep for your own records.
22	The record will reflect that the defendants have
23	acknowledged the reading of their appeal rights.  The documents
24	will be filed in the record.  The Order and Judgment will be
25	prepared and entered into the record.

```
 1              Anything else on behalf of the United States?
 2              MR. WEST:  The United States will move to dismiss Count
 3   2 in regards to Mr. Epperson.
 4              THE COURT:  Count 2 will be dismissed.
 5              Mr. Cato, anything in regards to Mr. Harris today?
 6              MR. CATO:  If your Honor please, I will ask the Court to
 7   recommend that he be sent to FMC Lexington to address his
 8   medical problems.
 9              THE COURT:  As I stated to the other defendants, this is
10   only a recommendation, but I will make that recommendation.  I
11   am sure that Mr. Harris will be sent to a facility that will
12   address his physical and emotional needs, as well as serve his
13   sentence.  It is also my understanding that they will try to
14   keep him near his home and family, as much as possible.
15              Anything else, Mr. Cato?
16              MR. CATO:  No.
17              THE COURT:  Mr. Doan, anything else on behalf of
18   Mrs. Harris?
19              MR. DOAN:  No, your Honor.
20              THE COURT:  Mr. Payne, anything else on behalf of
21   Mr. Epperson?
22              MR. PAYNE:  No, your Honor.
23              THE COURT:  Very well.  You may be excused.
24         (Proceedings concluded at 3:11 p.m.)
25
```

1   I certify that the foregoing is a correct transcript
2   from the record of proceedings in the above-entitled matter.

    Rhonda S. Sansom                    2/17/2013
    _____   _____
    Rhonda S. Sansom, RPR, CRR                Date

    ORIGINAL TRANSCRIPT FILED ELECTRONICALLY